In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00056-CR
_____

**MICHAEL DENA GROGAN AKA MICHAEL E. GROGAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-10920**

_____

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Michael Dena Grogan[1] entered a plea of no contest to the offense of theft. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2013).[2] On September 14, 2011, the trial court found Grogan guilty of the offense of felony theft and assessed punishment at two years

_____

[1] Michael Dena Grogan is also known as Michael E. Grogan and Michelle Grogan.

[2] We cite to the current version of the statute, as the amendments do not affect the issues set forth in this appeal.

confinement, probated over three years, and assessed a fine of $500. The State subsequently filed a motion to revoke Grogan's community supervision. Grogan pled "not true" to violating the conditions of her community supervision. After a hearing on the State's motion to revoke, the trial court found that Grogan violated a condition of her community supervision order, revoked Grogan's community supervision, and imposed a sentence of two years of confinement in a state jail facility.

Grogan's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel provided Grogan with a copy of his brief. Grogan filed a pro se brief raising a number of issues on appeal.

The appellate court need not address the merits of issues raised in *Anders* briefs or pro se responses. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). In these circumstances, we "may determine that the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error. Or, [we] may determine that arguable

grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the clerk's record and the reporter's record, and we agree with Grogan's appellate counsel that no arguable issues support an appeal. *See id.* Therefore, we find it unnecessary to order appointment of new counsel to re-brief Grogan's appeal. *See id.*; *compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[3]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 3, 2013
Opinion Delivered December 11, 2013
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

---

[3] Grogan may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.